MANION, Circuit Judge.
Johana Cece, a citizen of Albania, petitions for review of a decision from the Board of Immigration Appeals upholding the denial of her application for asylum because she had not established membership in a particular social group. Cece argues on appeal that young Albanian women in danger of being trafficked for prostitution constitute a social group. Her proposed group, however, is defined solely by the persecution feared by its members and lacks the type of common, immutable characteristics otherwise required of a particular social group. Moreover, substantial evidence supports the Board’s conclusion that Cece has not established a well-founded fear of persecution if she returns to Albania. Accordingly, we deny the petition for review.
Cece, using a fake Italian passport, came to the United States in 2002 when *512 she was 23 years old. Less than a year later, she applied for asylum and withholding of removal, asserting that she feared returning to Albania because she believed that, as a young woman living alone, she would be kidnapped and forced to join a prostitution ring. She also contended that the police in Albania would not protect her because she is an Orthodox Christian and supports the Democratic party, which was not in power at that time.
At a hearing before an immigration judge, Cece elaborated on the events that precipitated her flight from Albania. In 2001, “Reqi,” the leader of a Muslim gang known for forcing women into prostitution, began harassing her. He invited her out for drinks, offered her rides in his car, and stalked her throughout the city. Cece ignored Reqi whenever he approached her, but once he followed her into a cosmetics store and pinned her against a wall for 20 minutes, demanding to know why she declined his advances. After Reqi left the store, Cece reported the incident to the police, who took no action. Two days later, someone shattered a window in Cece’s apartment with a rock.
Fearing that Reqi would kidnap her, Cece moved 120 miles north to live with her sister and teach in Tirana. There she felt safe until the following year, when her sister moved to the United States. Living alone once more, Cece explained that she feared that Reqi or another gang member would kidnap her and force her into prostitution, so she left the country. Using her fake Italian passport, she entered the United States under the Visa Waiver Program.[1] See 8 C.F.R. § 217.2.
Dr. Bernd Fischer, a professor of Balkan history at Indiana University, testified about the pervasive sex trafficking in Albania. He explained that the kidnapping of women for purposes of prostitution remains “a very serious problem,” and that police often protect the responsible gangs. Reports issued from the U.S. Department of State in 2004 corroborate his representations. Gang members target women between the ages of 16 and 26, Dr. Fischer continued, and a single woman living alone would be particularly vulnerable to trafficking, especially if she previously had been pursued by a gang member. He also opined that, given the nationwide prevalence of trafficking, Cece would be unable to relocate safely within Albania.
The IJ granted Cece asylum in 2006. He concluded that she belonged to a particular social group comprised of “young women who are targeted for prostitution by traffickers in Albania,” and that the Albanian government was unwilling or unable to protect women such as her. But that decision was vacated by the Board, which rejected the notion that young Albanian women targeted for trafficking constitute a particular social group. The Board stated that not only was there no evidence that these women were socially visible in Albania, but these women also did not share “a narrowing characteristic other than their risk of being persecuted.” The Board added that Cece had not established fear of future persecution because she showed that she could avoid any threat by relocating to a different part of Albania, such as Tirana.
On remand the IJ accepted the Board’s conclusion that Cece had not identified a cognizable social group. Although the IJ suggested that Cece had established a subjective and objective fear of future persecution based on the pervasive kidnapping of young, single women in Albania, the IJ deferred to the Board’s decision and denied her application. The Board dismissed *513 Cece’s appeal, emphasizing that Cece’s proposed group was “defined in large part by the harm inflicted” on its members and did not “exist independently of the traffickers.”
On appeal Cece argues that the Board erred in concluding that members of her proposed social group are united only by harm suffered in the past. Cece maintains that young women endangered by trafficking face a present danger of persecution, and thus form a social group without “reference to past persecution or prior problems.”
Members of a social group, however, must share a common immutable or fundamental characteristic beyond the risk, past or present, of harm. See Escobar v. Holder, 657 F.3d 537, 545-46 (7th Cir.2011); In re Kasinga, 21 I. & N. Dec. 357, 365-66 (BIA 1996). Thus, even if members of Cece’s proposed group fear forced prostitution, a social group “cannot be defined merely by the fact of persecution” or “the shared characteristic of facing danger.” Jonaitiene v. Holder, 660 F.3d 267, 271 (7th Cir.2011) (concluding that government informants fearing retaliation do not form social group). And young Albanian women who fear being trafficked for prostitution have “little or nothing in common beyond being targets.” Gatimi v. Holder, 578 F.3d 611, 616 (7th Cir.2009). The Sixth Circuit rejected a nearly identical social group of Albanian women because its members did not share a narrowing characteristic other than the risk of being forced into prostitution. Rreshpja v. Gonzales, 420 F.3d 551, 555-56 (6th Cir.2005). And although we have recognized that women who fear female genital mutilation constitute a social group, Cece has not presented evidence that sex trafficking poses the same particularized and inescapable threat to all young Albanian women. See Agbor v. Gonzales, 487 F.3d 499, 502 (7th Cir.2007); Hassan v. Gonzales, 484 F.3d 513, 518 (8th Cir.2007). Nor has she demonstrated that trafficking is “deeply imbedded” in Albanian culture. See Mohammed v. Gonzales, 400 F.3d 785, 797-98 (9th Cir.2005); see also Sarhan v. Holder, 658 F.3d 649 (7th Cir.2011) (recognizing women facing honor killings as social group); see Safaie v. INS, 25 F.3d 636, 640 (8th Cir.1994), superseded by statute on other grounds, Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104-208, 110 Stat. 3009 (concluding that Iranian women subject to harsh restrictions do not form social group).
Even if Albanian women endangered by trafficking could be labeled as a particular social group, Cece still would face a number of obstacles. As an initial matter, she could have been ejected summarily when her fraudulent entry to the United States was discovered. See Bayo v. Napolitano, 593 F.3d 495, 505-06 (7th Cir.2010) (en banc) (discussing appropriate handling of aliens who enter under false claim of eligibility to participate in Visa Waiver Program). Moreover, substantial evidence supports the agency’s conclusion that Cece has not established an objective fear of future persecution on account of her membership in the group. She bases her claim on aggressive advances made by a gang member coupled with a broken window in her apartment. Cece reported no specific or ongoing threat, however, and the past harassment she detailed does not demonstrate that she would be singled out for persecution if she returns to Albania. See Nzeve v. Holder, 582 F.3d 678, 684-85 (7th Cir.2009); Ahmed v. Ashcroft, 348 F.3d 611, 618 (7th Cir.2003). Nor has Cece met her burden of showing that she could not relocate safely within Albania. 8 C.F.R. § 1208.13(b)(3)(1). She relies heavily on Dr. Fischer’s opinion that “her *514 location would be discovered” if she returned to Albania. But Cece herself testified that in 2001 she moved to Tirana, where she worked as a teacher and was not contacted by gang members. The record thus provides sufficient evidence for the Board’s determination that Cece can relocate safely within Albania. See Oryakhil v. Mukasey, 528 F.3d 993, 998 (7th Cir.2008); Tendean v. Gonzales, 503 F.3d 8, 11 (1st Cir.2007).
Accordingly, we Deny Cece’s petition for review.

. Italy, but not Albania, is a participant in the program. 8 C.F.R. § 217.2(a).